Howard M. Ehrenberg (CA Bar No. 125527)
  hehrenberg@sulmeyerlaw.com
Steve Burnell (CA Bar No. 286557)
  sburnell@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Plaintiff David K. Gottlieb,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>PIERRICK BRILLOUET and YONG CHU KIM-BRILLOUET,<br><br>Debtors. | Case No.: 1:19-bk-11657-MB<br><br>Chapter 7<br><br>Adv. No.:<br><br>**COMPLAINT TO DENY THE DEBTORS' DISCHARGE**<br><br>[11 U.S.C. §§ 727(a)(6) & (c)(1)] |
| DAVID K. GOTTLIEB, Chapter 7 Trustee for the bankruptcy estate of Pierrick Brillouet and Yong Chu Kim-Brillouet,<br><br>Plaintiff,<br><br>vs.<br><br>PIERRICK BRILLOUET, and individual, and YONG CHU KIM-BRILLOUET, an individual,<br><br>Defendants. | **Status Conference:**<br>[To be set by the Court] |

sb 2790495v2

For his "Complaint To Deny The Debtors' Discharge" (the "<u>Complaint</u>"), plaintiff David K. Gottlieb (the "<u>Trustee</u>" or "<u>Plaintiff</u>"), the chapter 7 trustee for the bankruptcy estate of the debtors Pierrick Brillouet and Yong Chu Kim-Brillouet (collectively, the "<u>Defendants</u>"), hereby alleges and avers as follows:

I.

**STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and (b)(1), and 1334(a). This action is a core proceeding under 28 U.S.C. § 157(b)(2)(J). This action is a proceeding arising in and/or related to the bankruptcy case of *In re Pierrick Brillouet and Yong Chu Kim-Brillouet*, bearing case no. 1:19-bk-11657-MB (the "Bankruptcy Case"), which is a case under chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq., (the "Bankruptcy Code"), and which is pending in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division (the "Bankruptcy Court" or "Court").

2. Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court. Defendants are hereby notified that Rule 7008 of the Federal Rules of Bankruptcy Procedure requires the defendants to plead whether consent is given to the entry of a final order and judgment by the Bankruptcy Court.

II.

**PARTIES**

4. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 3 as though set forth in full.

5. Plaintiff is the duly appointed, qualified, and acting chapter 7 trustee for Defendants' bankruptcy estate in the Bankruptcy Case and has standing to file the Complaint pursuant to 11 U.S.C. §§ 323 and 727(c)(1).

6. Pierrick Brillouet ("Defendant Pierrick") is an individual residing at

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1 | 19222 Roscoe Blvd., Northridge, CA 91324, and a debtor in the Bankruptcy Case.

2 |     7.    Yong Chu Kim-Brillouet ("Defendant Yong") is an individual residing at 1755 Heywood Street #202, Simi Valley, CA 93065, and the joint debtor in the Bankruptcy Case.

### III.
### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

8.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 7 as though set forth in full.

9.    On July 3, 2019, Defendants filed a voluntary chapter 11 petition, giving rise to the Bankruptcy Case.

10.    On March 31, 2022, the order granting the motion to convert the case was entered and the Bankruptcy Case was converted chapter 7 (the "Conversion Order").  Pursuant to FRBP 1019(5)(A), the Conversion Order ordered Defendants to file their schedule of unpaid postpetition debts no later than April 15, 2022, and to file their final report and account no later than May 2, 2022.

11.    On April 2, 2022, the Conversion Order was served on Defendant Pierrick via U.S. mail, and on Defendants' counsel via electronic service.

12.    To date, Defendants have not complied with the Conversion Order and filed the required reports.

13.    Plaintiff was appointed as interim chapter 7 trustee the next day. The same day, Defendants and their counsel were served with the Notice of Chapter 7 Bankruptcy Case- No Proof of Claim Deadline ("341(a) Notice"), docket no. 508 in the Bankruptcy Case.

14.    The 341(a) Notice provided notice to Defendants that their initial 341(a) meeting of creditors was set for May 2, 2022.

15.    Neither Defendants nor their counsel appeared at the May 2, 2022 initial meeting of creditors.

16.    Plaintiff continued the 341(a) meeting of creditors to May 20, 2022,

1   but again neither Defendants nor their counsel appeared.

2        17.    As a result of Defendants' failure to appear at the two (2) prior 341(a)
3   meeting of creditors, Plaintiff filed a motion to compel Defendants to appear at their
4   continued meeting of creditors set for June 24, 2022, and produce certain documents as
5   required by FRBP 4002(b).

6        18.    The order granting Plaintiff's motion to compel was entered on June
7   22, 2022 ("Order Compelling Attendance").  The Order Compelling Attendance ordered
8   Defendants to appear at their June 24, 2022 meeting of creditors, and any continuances
9   thereof, and to produce the documents required by FRBP 4002(b).

10        19.    Also on June 22, 2022, the Order Compelling Attendance was
11   served on Defendants via overnight mail, and on their counsel via electronic mail.

12        20.    Defendants and their counsel failed to appear at the June 24, 2022
13   meeting of creditors or even contact Plaintiff regarding Defendants' meeting of creditors.

## IV.

## FIRST CLAIM FOR RELIEF

### (Denial of discharge pursuant to 11 U.S.C. § 727(a)(6)(A) & (c)(1)
### - Against Defendants)

18        21.    Plaintiff realleges and incorporates herein by reference each and
19   every allegation contained in paragraphs 1 through 20 as though set forth in full.

20        22.    The Conversion Order entered on March 31, 2022 is a lawful, final
21   order.  Pursuant to FRBP 1019(5)(A), the Conversion Order ordered Defendants to file
22   their schedule of unpaid postpetition debts no later than April 15, 2022, and to file their
23   final report and account no later than May 2, 2022.

24        23.    Defendants received notice of the Conversion Order on April 2,
25   2022.

26        24.    To date, Defendants have refused to comply with the Conversion
27   Order and have not filed the required reports.

28        25.    Similarly, Order Compelling Attendance is a lawful order that ordered

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

Defendants to appear at their June 24, 2022 meeting of creditors, and any continuances thereof, and to produce the documents required by FRBP 4002(b).

26. Defendants received notice of the Order Compelling Attendance on June 22, 2022.

27. Defendants have refused to obey the Order Compelling Attendance by failing to appear at their June 24, 2022 meeting of creditors and produce the documents listed in the Order Compelling Attendance.

28. An individual debtor's discharge may be denied for refusing to obey any lawful order of the court. 11 U.S.C. § 725(a)(6)(A). Defendants' discharge should therefore be denied pursuant to 11 U.S.C. § 727(a)(6)(A) for refusing to obey the Conversion Order and the Order Compelling Attendance.

## V.

## RESERVATION OF RIGHTS

29. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 28 as though set forth in full.

30. Plaintiff reserves the right to amend his Complaint based upon the discovery of any additional grounds for denial of the Debtors' discharge.

## VI.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment denying Defendants' discharge, and for such other and further relief as the Court deems just and proper.

DATED: June 30, 2022    **Sulmeyer**Kupetz
A Professional Corporation

By:    /s/ Steve Burnell
Howard M. Ehrenberg
Steve Burnell
Attorneys for Plaintiff David K. Gottlieb,
Chapter 7 Trustee

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>David K. Gottlieb, Chapter 7 Trustee | **DEFENDANTS**<br>PIERRICK BRILLOUET, and individual, and YONG CHU KIM-BRILLOUET, an individual, |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Howard M. Ehrenberg (CA Bar No. 125527)<br> hehrenberg@sulmeyerlaw.com<br>Steve Burnell (CA Bar No. 286557)<br> sburnell@sulmeyerlaw.com<br>SulmeyerKupetz<br>A Professional Corporation<br>333 South Grand Avenue, Suite 3400<br>Los Angeles, California 90071<br>Telephone: 213.626.2311 / Facsimile: 213.629.4520 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtors    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO DENY THE DEBTORS' DISCHARGE

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 70 01( 1) – Recovery of Money/Property**
☐ 11-Recovery of money/propert y - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 70 01 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001( 3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4 ) – Objection/ Revocation of Discharge**
☒ 41-Objection/re vocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 70 01(6) – Dischargeability (continued)**
☐ 61 -Dischargeability- §523(a)(5 ), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 6 5 -Dischargeability - other

**FRBP 70 01(7) – Injunctive Relief**
☐ 71 -Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 70 01(8) Subordination of Claim or Interest**
☐ 81 -Subordination of claim or interest

**FRBP 70 01(9) Declaratory Judgment**
☐ 91 -Declaratory judgment

**FRBP 70 01(10) Deter mi nation of Remove d Act ion**
☐ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq*.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law    ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint    ☐ Demand $

Other Relief Sought



B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| NAME OF DEBTOR<br>PIERRICK BRILLOUET and YONG CHU KIM-BRILLOUET | BANKRUPTCY CASE NO.<br>1:19-bk-11657-MB ||
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | DIVISION OFFICE<br>SAN FERNANDO VALLEY | NAME OF JUDGE<br>HON. MARTIN R. BARASH |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Steve Burnell* |||
| DATE<br>JUNE 30, 2022 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>STEVE BURNELL ||

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.



sb 2820895v1